OPINION. Mttjrdock, Judge: This is not a family partnership case in which a husband attempts to divide his successful business for tax purposes by gifts to his wife. Cf. Commissioner v. Tower, 327 U. S. 280; Lusthaus v. Commissioner, 327 U. S. 293. This petitioner had no assets to give when this partnership was formed. His mother-in-law decided to give him an opportunity to operate a business. She supplied most of the money, without which there-would have been no business, no partnership, and no income to tax, and she dictated the terms of the oral .partnership agreement. She named her daughter as an equal partner with the petitioner. The latter was entirely satisfied to receive a one-fourth interest as his share. He had no money and his managerial abilities were then untried and unproven. Furthermore, Ruth contributed some of her own money to the business at the beginning. She assumed the risk involved. She also contributed services in the office for a few years but they were not “vital.” She actively participated in the firm councils and exercised her rights as a partner in making decisions, sometimes being the deciding factor on important decisions. She was intended to be and she was a real partner, not a sham one. Her right to one-fourth of the 1944 income is not to be denied merely because no account was set up in her name on the partnership books until after 1944. Willis B. Anderson, 6 T. C. 956. Those books were clumsily kept, which is an explanation but a poor excuse. She made withdrawals freely, many for her own purposes. The petitioner had no right to Ruth’s share of the partnership income and the Commissioner erred in taxing it to him, since Ruth was a real partner. Cf. Willis B. Anderson, supra. Decision will he entered under Bule 50.